UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NANDINI VASUDEVAN                          CIVIL ACTION

VERSUS                                     NO: 16-284

ADMINISTRATORS OF TULANE                   SECTION: "J" (5)
EDUCATIONAL FUND, ET AL.

**ORDER**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 30),** a *Motion to Strike Plaintiff's Opposition to Defendants' Motion for Summary Judgment* **(Rec. Doc. 52),** and a *Motion to Expedite the Motion to Strike* **(Rec. Doc. 53)** filed by Michael Bernstein, Nicholas Altiero, and Administrators of Tulane Educational fund ("Defendants").  For the reasons described below, the Court finds that Defendants' motions should be **GRANTED** and all of Plaintiffs' claims should be **DISMISSED WITH PREJUDICE.**

On January 20, 2017, Defendants filed a *Motion for Summary Judgment* **(Rec. Doc. 30)** and noticed the motion for submission on February 1, 2017.  *See* (Rec. Doc. 30-18.)  Pursuant to Local Rule 7.5, any opposition to a motion noticed for submission must be filed "no later than eight days before the noticed submission date."  Thus, Plaintiff's opposition to Defendants' motion for summary judgment was to be filed by January 24, 2017.

1

Plaintiff filed a *Motion for extension of Time to File a Reply* (Rec. Doc. 32) requesting an extension of thirty days, until February 21, 2017, to file her opposition.  (Rec. Doc. 32-1 at 2.) Defendants did not consent to the full thirty day extension requested, but did consent to a fourteen day extension.  *Id*. at 1.

On January 24, 2017, the Court granted Plaintiff's motion and provided her an extension of fourteen days, making the deadline for filing an opposition Tuesday, February 7, 2017.  *See* (Rec. Doc. 37.)  Plaintiff did not file an opposition by February 7, 2017.  Instead, on February 8, 2017, Plaintiff filed a motion for leave to file her opposition out of time (Rec. Doc. 40).

The Court granted Plaintiff's motion to file an opposition out of time and extended the deadline for filing an opposition to February 13, 2017, at noon.  (Rec. Doc. 42.)  In the same Order, the Court provided Defendants until February 15, 2017 to file a reply to the opposition.  *Id.*  Plaintiff once again failed to file any opposition by the Court's deadline.  Rather, on February 13, 2017, Plaintiff filed a *Motion to Seal her Opposition* (Rec. Doc. 46) and a *Motion to File Excess Pages* (Rec. Doc. 47).  Both motions were marked deficient by the Clerk of Court.  More importantly, neither motion included a proposed pleading of the opposition memorandum as an attachment.  It was not until February 15, 2017, at 2:43 PM, that Plaintiff hand delivered a copy of the opposition to Defendants.  (Rec. Doc. 52-1 at 3.)  And although Plaintiff

2

also hand delivered a copy of the opposition to chambers on February 15, 2017, Plaintiff has yet to file the opposition electronically and also has not corrected the deficient motions to seal and for leave to file excess pages.

As demonstrated above, Plaintiff has repeatedly failed to comply with the Court's filing deadlines.  These failures have prejudiced Defendants.  Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Strike Plaintiff's Opposition to Motion for Summary Judgment* **(Rec. Doc. 52)** is **GRANTED**.

Having stricken Plaintiff's opposition, the Court will now review Defendants' motion for summary judgment as an unopposed motion.  The Court finds that Defendants' motion for summary judgment has merit with respect to Plaintiff's claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, and Plaintiff's claim for race-based conspiracy pursuant to 42 U.S.C. § 1985(3).  The Court is aware of the deference it is to apply when reviewing university decisions. *See Dorsett v. Bd. Of Trustees for State Colleges and Univs.*, 940 F.2d 121, 124 (5th Cir. 1991) ("Of all fields that the federal courts should hesitate to invade and take over, education and faculty at the university level are probably the least suited for federal supervision.") (internal citations omitted).  Further, Plaintiff has failed to show that Defendants' decision not grant her tenure

violated Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1985(3).  Accordingly,

**IT IS ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 30)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of February, 2017.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4